IN THE UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

| | | |
|---|---|---|
| **Robert McDaniel Cox**, | ) | C/A 2:09-2715-DCN-BM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| **Lance Corporal Ronald Deal of the South** | ) | |
| **Carolina Highway Patrol and Officer,** | ) | |
| **second Highway Patrol Officer,** | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This action was filed by the Plaintiff, pro se, pursuant to 42 U.S.C. § 1983. Plaintiff alleges violations of his constitutional rights by the Defendants, two South Carolina Highway Patrol Officers.

The Defendants filed a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., on July 12, 2010. As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on July 14, 2010, advising Plaintiff of the importance of a motion for summary judgment and of the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to respond adequately, the Defendants' motion may be granted, thereby ending his case.

Plaintiff thereafter filed a memorandum in opposition to the Defendants' motion on

1



August 26, 2010. Defendants' motion is now before the Court for disposition.[1]

## Background and Evidence

Plaintiff alleges in his unverified amended complaint[2] that on or about August 26, 2009, he was driving an automobile in Summerville, South Carolina when he was pulled over by a South Carolina Highway Patrol Vehicle. Plaintiff alleges that he moved his vehicle out of the roadway and into the parking lot of a shopping center, where he stopped and placed his transmission into the "Parked" position. Plaintiff alleges that a Highway Patrol Officer (the Defendant Deal) approached his vehicle but did not present any form of identification, which Plaintiff contends is required by state law. Plaintiff alleges that Deal demanded that he surrender particular effects and papers belonging to the Plaintiff, and that when Plaintiff asked Deal for a properly issued warrant based on probable cause, Deal informed Plaintiff that he was not required to have a warrant to arrest the Plaintiff and/or demand Plaintiff's effects. Plaintiff alleges that he then asked Deal whether he had a letter from a judge to support his claim of lawful authority, and that Deal told him he did not need to have a letter from a judge.

Plaintiff alleges that Deal repeated his demand that Plaintiff comply with his instructions, and threatened to incarcerate Plaintiff if he did not comply, and that when Plaintiff

---

[1] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(g), D.S.C. The Defendants have filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

[2] In this Circuit, verified complaints by pro se litigants are to be considered as affidavits and may, standing alone, defeat a motion for summary judgment when the allegations contained therein are based on personal knowledge. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991). However, Plaintiff has filed an *unverified* Complaint. Therefore, the undersigned has not considered the factual allegations set forth in the unverified Complaint as evidence in issuing a recommendation in this case.

2



again requested either a warrant or a letter from a judge authorizing Deal's actions, Deal replied that he would produce a warrant after Plaintiff surrendered his effects and papers. Plaintiff alleges he continued to refuse to comply with Deal's request, at which time Deal demanded that Plaintiff exit his vehicle. Plaintiff alleges that Deal opened his driver's door and moved to forcibly remove Plaintiff from the vehicle, but when Plaintiff again requested that Deal either produce a warrant or a letter from a judge, Deal "abruptly ceased his effort to extract Plaintiff from Plaintiff's vehicle." Plaintiff alleges that he then closed his driver's door and locked the doors of his vehicle.

Plaintiff alleges that for the next fifteen (15) to thirty (30) minutes, Deal continued to refuse to produce any evidence of his authority for his actions, during which a second Highway Patrol Officer arrived. Plaintiff alleges that he ultimately acceded to Deal's demands because he was in fear of bodily harm and loss of life. Plaintiff alleges that he surrendered his papers and effects to Deal, and that after "some minutes" Deal returned to Plaintiff's vehicle and returned Plaintiff's papers and effects to him. Deal then gave Plaintiff a traffic ticket addressing the issue of brake equipment, and which included a $237.50 fine. Plaintiff alleges that Deal also advised him that he [Deal] was authorized to "pass a harsher sentence", that "Plaintiff's request to see legal authorization from Defendant Deal for Defendant Deal's actions was a violation of the law", and that this additional violation authorized Defendant Deal to "sentence and incarcerate Plaintiff immediately." Plaintiff further alleges, however, that Deal advised him that he "had chosen to have mercy on Plaintiff" and release him, although Deal advised him not to request legal authorization from any arresting officer if Plaintiff was arrested in the future. Deal also advised Plaintiff of his Court date. Deal and the second Highway Patrol Officer then released Plaintiff and departed.

Plaintiff alleges that he was subjected to an unlawful search without probable cause

3



or the obtaining of a warrant, that the Defendants' actions violated his right to a jury trial, that he was deprived of his liberty and/or property without due process of law, that the Defendants engaged in a conspiracy to deprive him of his constitutional rights, that he was subjected to a false arrest and imprisonment as well as an illegal search, that the Defendants' actions amounted to illegal harassment and extortion in violation of his constitutional rights thereby causing him duress, and that the Defendants committed perjury as well as several other offenses, all in violation of his constitutional rights. Plaintiff seeks monetary damages, and requests that the jury issue a reprimand to the Defendants for their actions and activities. See generally, Amended Complaint.

In support of summary judgment in the case, the Defendant Ronald Deal has submitted an affidavit wherein he attests that he is a Lance Corporal with the South Carolina Highway Patrol. Deal attests that on August 26, 2009, he observed Plaintiff driving a red Volvo station wagon with a broken right rear stop light which, because of damage to the lens, emitted white light when activated instead of red or yellow as required by law. Deal attests that he was in uniform and driving his marked Highway Patrol vehicle. Deal attests that he activated his blue lights and effected a traffic stop for the violation, a video and audio copy of which is attached to his affidavit as an exhibit. Deal attests that Plaintiff admitted that he knew his tail stop lamp was broken, but when he asked to see Plaintiff's driver's license, car registration and proof of insurance, Plaintiff demanded to see a warrant. Deal attests that Plaintiff failed to produce the documents as requested, and told him that since he had arrested Plaintiff, that Plaintiff would like to see his warrant. Deal attests that when he told Plaintiff he did not need to have a warrant, Plaintiff asked him if he had a letter from a judge. Deal attests that he explained to Plaintiff that he had the authority to stop him because his tail light was out, and that when Plaintiff said that he had been falsely arrested, he told



Plaintiff that he was not under arrest. Deal attests that Plaintiff refused to get out of his vehicle, and proceeded to explain to him what "arrest" meant and that he [Plaintiff] had been arrested.

Deal attests that he issued Plaintiff Uniform Traffic Ticket No. E-074246, charging Plaintiff with a defective brake lamp and noting thereon that Plaintiff should meet Traffic Court at 9:30 a.m. on September 10, 2009. Deal attests that he and the Plaintiff then parted company. Deal attests that the entire interaction with the Plaintiff lasted about fifteen minutes, that Plaintiff never got out of his car, and that he [Deal] never touched the Plaintiff. Deal attests that all of his dealings with the Plaintiff are shown and heard on the DVD exhibit attached to his affidavit, and that all of his actions involving the Plaintiff were proper, legal, and appropriate under applicable law. Deal attests that it is his understanding that the traffic ticket he issued is still pending, and has not yet been called for trial in traffic court. See generally, Deal Affidavit, with attached Exhibit.

## Discussion

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(c), Fed.R.Civ.P. The moving party has the burden of proving that judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing there is a genuine issue for trial." Rule 56(e), Fed.R.Civ.P. Further, while the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, see Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts



which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990). Here, after careful review and consideration of the arguments and evidence presented, the undersigned finds and concludes that the Defendants are entitled to summary judgment in this case.

As highway patrol officers, both of the Defendants[3] are subject to suit under § 1983 for damages in their individual capacity. Gomez v. Toledo, 446 U.S. 635, 640 (1980); Inmates v. Owens, 561 F.2d 560 (4th Cir. 1977). Defendants argue, however, that even though subject to suit under § 1983, they are entitled to dismissal of all claims asserted against them on the basis of qualified immunity. The Supreme Court in Harlow v. Fitzgerald, 457 U.S. 800 (1982), established the standard which the Court is to follow in determining whether a defendant is protected by qualified immunity.

> Government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.

Harlow, 457 U.S. at 818.

The Court of Appeals for the Fourth Circuit has stated:

Qualified immunity shields a government official from liability for civil monetary damages if the officer's "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harwell, 457 U.S. at 818. "In determining whether the specific right allegedly violated was 'clearly established,' the proper focus is not upon the right at its most general or abstract level but at the level of its application to the specific conduct being challenged." Pritchett v. Alford, 973 F.2d 307, 312 (4th Cir. 1992). Moreover, "the manner in which this [clearly established] right applies to the actions of the official must also be apparent." Maciariello v. Sumner, 973 F.2d 295, 298 (4th Cir. 1992).

---

[3]The second Defendant, who is unnamed in the complaint and not otherwise identified by name, is the second officer who appeared on the scene. The motion for summary judgment has been filed on behalf of both officers.

6



. . As such, if there is a "legitimate question" as to whether an official's conduct constitutes a constitutional violation, the official is entitled to qualified immunity.

Wiley v. Doory, 14 F.3d 993, 995 (4th Cir. 1994)(internal citations omitted), cert. denied, 516 U.S. 824 (1995).

The question thus becomes whether, considering the evidence in the light most favorable to the Plaintiff (the party opposing summary judgment), there is a genuine issue of fact as to whether the Defendants' conduct violated a clearly established statutory or constitutional right of which a reasonable person would have known. Harlow, 457 U.S. at 818. Plaintiff's claim fails for the simple fact that he has failed to present any evidence to show a violation of a constitutional right.[4] Hence, no such genuine issue of fact is present in the evidence before this court.

No constitutional and/or federal violation was committed under the facts presented because the Defendant Deal had the authority to stop the Plaintiff for the offense of driving with a broken tail light, and to ask for Plaintiff's license, registration and proof of insurance as part of that traffic stop. See S.C. Code Ann. § § 23-6-140, 23-6-145, 56-5-4730. There is no constitutional requirement that a patrol officer first secure a warrant before stopping a vehicle when they have probable cause that a traffic violation has occurred. Here, not only does Deal attest that he observed the broken tail light, but the DVD clearly shows Plaintiff's back tail light to be broken.

> The Fourth Amendment guarantees [t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures. US. Const. amend. IV; United States v. Purcell, 236 F.3d 1274, 1277 (11th Cir.2001). Its protections extend to brief investigatory stops of persons or vehicles. United States v. Arvizu, 534 U.S. 266, 273 (2002). A traffic stop is a constitutional detention if it is justified by reasonable suspicion or probable cause to believe that a traffic violation has occurred. Terry v. Ohio, 392 U.S. 1 (1968); Whren v. United States,

---

[4]As Plaintiff's complaint is unverified, and he did not submit any exhibits with his memorandum opposing summary judgment, the only evidence before the Court is the affidavit of Highway Patrol Office Deal, and the DVD of the traffic stop.

7



> 517 U.S. 806, 810, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996)("As a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred."); United States v. Chanthasouxat, 342 F.3d 1271, 1275 (11th Cir.2003)("a traffic stop is a constitutional detention if it is justified by reasonable suspicion under Terry or probable cause to believe a traffic violation has occurred under Whren"). Additionally, a traffic stop is considered "only a limited form of seizure" which is permissible without a warrant where a police officer has "probable cause to believe that a driver has violated any one of a multitude of applicable traffic and equipment regulations relating to the operation of motor vehicles." United States v. Strickland, 902 F.2d 937,940 (11th Cir.1990) (citations omitted).
>
> . . .
>
> "A decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation occurred, and an officer's motive in making the traffic stop does not invalidate what is otherwise 'objectively justifiable behavior under the Fourth Amendment.' " United States v. Simmons, 172 F.3d 775, 778 (11th Cir.1999) (quoting Whren, 517 U.S. at 812).

Shabazz v. Summers, No. 07-755, 2010 WL 653879 at * 5 (M.D.Ala. Feb. 19, 2010).

Nor is there any evidence to show that Plaintiff was subjected to an illegal search, arrest, or any other violation of his constitutional rights. Id; see also Nasca v. County of Suffolk, No. 05-1717, 2008 WL 53247 at * 7 n. 7 (E.D.N.Y. Jan. 2, 2008)["[I]t is beyond cavil that a police officer has the authority to request [license and related] information during a stop for a traffic violation."]; see also Ippolito v. Meisel, 958 F.Supp. 155, 162 n. 6 (S.D.N.Y. 1997). Indeed, a review of the DVD of the incident not only fails to show a violation of any of Plaintiff's clearly established constitutional rights by the Defendant Deal, the DVD expressly refutes many of the allegations made by Plaintiff in his complaint, such as that Deal opened the driver's door to Plaintiff's vehicle and tried to forcibly remove Plaintiff from the vehicle.

If no constitutional right was violated, there is no necessity for further inquiry



concerning qualified immunity. Pearson v. Callahan, 129 S.Ct. 808, 810-821 (2009).[5] Therefore, this case should be dismissed. Wilson v. Layne, 526 U.S. 603, 609 (1999)["A court evaluating a claim of qualified immunity 'must first determine whether the Plaintiff has alleged the deprivation of an actual constitutional right at all, and if so, proceed to determine whether that right was clearly established at the time of the alleged violation'"], quoting Conn v. Gabbert, 526 U.S. 286, 290 (1999).

## Conclusion

Based on the foregoing, it is recommended that the Defendants' motion for summary judgment be **granted,** and that this case be dismissed, with prejudice.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

September 3, 2010

Charleston, South Carolina

---

[5]In Pearson, the Supreme Court overruled the mandatory two-step sequence adopted in Saucier v. Katz, 533 U.S. 194 (2001).



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

>Larry W. Propes, Clerk
>United States District Court
>Post Office Box 835
>Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

