IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| ROBERT MCDANIEL COX, ) | |
| ) | Civil No. 2:09-CV-2715-DCN-BM |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| LANCE CORPORAL RONALD DEAL OF ) | **ORDER AND OPINION** |
| THE SOUTH CAROLINA HIGHWAY ) | |
| PATROL, OFFICER (UNNAMED 2ND ) | |
| HIGHWAY PATROL OFFICER WHO ) | |
| ARRIVED AFTER PLAINTIFF WAS ) | |
| ARRESTED BY LANCE CORPORAL ) | |
| RONALD DEAL), ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the court on defendants' motion for Rule 11 sanctions.

## I. BACKGROUND

Plaintiff filed a twenty-seven page pro se complaint alleging fifty-four causes of action against defendants, two South Carolina Highway Patrol Officers. Plaintiff's original complaint involved a traffic stop that took place on August 26, 2009, in Summerville, South Carolina. Plaintiff's complaint demonstrated that plaintiff was belligerent, refused to produce his license, registration, and proof of insurance, and eventually, locked himself in his car. Plaintiff finally complied with defendant Officer Ronald Deal's requests after another officer arrived on the scene. Plaintiff was not arrested, but was issued a citation and warned not to repeat his behavior.

Plaintiff's complaint alleges a plethora of causes of action, a portion of which can only be deciphered as an attempt to state a claim under 42 U.S.C. § 1983. His other claims appear to include nearly every claim one could find in a torts textbook and are

repeated to include conspiracy on the part of the other officer to commit each cause of action. Plaintiff also filed an amended complaint, which is substantially the same as the original complaint.

Magistrate Judge Bristow Marchant issued a scheduling order on January 12, 2010. In his response to the scheduling order, plaintiff filed a "Notice to Court," "remind[ing] all members of the judiciary" of a number of his alleged Constitutional rights. Pl.'s Resp. to Sched. Order. In his notice, plaintiff argued that the scheduling order interfered with his right to trial by jury and stated that he refused to participate in discovery, depositions, production of witnesses, production of evidence, or any other pretrial activities because they violated his right to a jury trial. Plaintiff did, in fact, fail to participate in discovery, attend depositions, answer discovery requests, or comply with the magistrate judge's order to mediate. In his response to the scheduling order, plaintiff stated he was not bound by, nor would he comply with the Federal Rules of Civil Procedure. Pl.'s Resp. to Sched. Order. He then espoused numerous "obligations" of the magistrate judge and the judiciary.

In his August 10, 2010 motion, plaintiff states that the magistrate judge's "ignorance and failure" demonstrated prejudice and discrimination. Pl.'s Dem. Aug. 10, 2010. He also "demanded" that the magistrate judge answer all his filings within twenty-four hours. Plaintiff later demanded the magistrate judge's removal for failing to respond. The magistrate judge issued a Report and Recommendation ("R&R"), to which plaintiff objected. This court agreed with the R&R and granted defendants' motion for summary judgment on October 1, 2010. Plaintiff also objected to that order, attacking both this court and the magistrate judge, but did not appeal.

In total, plaintiff filed twelve documents, many of which required responses by defendants. Plaintiff signed each of these documents. Defendants sent a copy of their motion for sanctions to plaintiff on August 18, 2010. On September 13, 2010, defendants filed the instant motion pursuant to Federal Rules of Civil Procedure Rule 11.

## II.   PRO SE PARTIES

A pro se pleading is not subjected to the same scrutiny as one drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Even pro se litigants, however, must follow the procedural rules of the court. Jones v. First Franklin Loan Serv., No. 10-0360, 2011 WL 972518, at *1 n.1 (W.D.N.C. Mar. 15, 2011). Rule 11 governs both attorneys and pro se litigants. Fed. R. Civ. P. 11 advisory committee's note to 1993 amends.; Katti v. Moore, No. 06-0471, 2006 WL 3424253, at *5 (E.D. Va. Nov. 22, 2006) ("while a *pro se* party should be granted a degree of indulgence greater than a practicing attorney, a *pro se* party still must abide by the clear requirements of Rule 11."); see also, Graves v. Indus. Power Generating Corp., No. 09-0171, 2011WL 63696, at *16 (E.D. Va. Jan. 5, 2001) (holding a pro se litigant is still subject to Rule 37). Pro se filings are examined under the objective standard of reasonableness. Id.

## III.   LEGAL STANDARDS

Rule 11(a) requires every pleading, written motion, or other paper to be signed by either the party's attorney, if represented, or the party itself, if the party proceeds without representation. By signing a filing, a party represents to the court and certifies "that to the best of the person's knowledge, information, and belief, formed after an inquiry *reasonable* under the circumstances," the filing is not "presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of

3

litigation," and "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b) (emphasis added). Rule 11(b)(3) requires that filings have a proper factual basis for each claim.

Reasonableness of a filing party's actions under Rule 11 involves an objective inquiry into the prefiling investigation. See In re Kunstler, 914 F.2d 505, 514 (4th Cir. 1990). Legal allegations fail the requirements of Rule 11(b)(2) when there is "absolutely no chance of success under the existing precedent." Hunter v. Earthgrains Co. Bakery, 281 F.3d 144, 153 (4th Cir. 2002). In order to warrant sanctions, the legal position must be completely untenable, rather than merely unsuccessful. Id. at 151. The issue is whether a reasonable person under the same circumstances would have believed his or her actions to be legally justified. Id. at 153.

Under Rule 11(c)(2), "[a] motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)." A party moving for Rule 11(b) sanctions must serve the offending party according to Rule 5 and allow the offending party a twenty-one day safe harbor to correct or withdraw the challenged paper. Fed. R. Civ. P. 11(c)(2). Rule 6(d) allows a responding party three extra days if served by mail. Once the motion is filed, "the court may award the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion." Fed. R. Civ. P. 11(c)(2). Additional sanctions "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated" and "may include" nonmonetary sanctions, payment to the court, and/or "if imposed on motion and warranted for effective deterrence . . . reasonable attorney's fees and other

4

expenses directly resulting from the violation." Fed. R. Civ. P. 11(c)(4) (emphasis added). An order imposing sanctions "must describe the sanctioned conduct and explain the basis for the sanction." Fed. R. Civ. P. 11(d)(6). This rule does not apply to discovery. See Fed. R. Civ. P. 11(d).

Federal Rule of Civil Procedure Rule 37 is analogous to Rule 11 with respect to noncompliance with court orders and discovery violations. Rule 37(b)(2)(C) states that when a party fails to comply with a court order, "the court must order the disobedient party . . . to pay reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstance make an award of expenses unjust." Rule 37(d)(3) requires the same action for a party's failure to attend deposition, serve answers to interrogatories, or respond to a request for inspection. The rules will not excuse failures to respond "on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)." Fed. R. Civ. P. 37(d)(2).

### A.     Factors to Consider When Issuing Rule 11 Sanctions

When imposing Rule 11 sanctions, a district court must "*expressly* consider . . . (1) the reasonableness of the opposing party's attorney's fees; (2) the minimum to deter; (3) the ability to pay; and (4) factors related to the severity of the Rule 11 violation." Brubaker, 943 F. 2d 1363, 1374 (4th Cir. 1991) (emphasis added) (internal quotations omitted) (citing Kunstler, 914 F.2d at 523). "Since the [primary] purpose of Rule 11 sanctions is to deter rather than to compensate, the rule provides that, if a monetary sanction is imposed, it should ordinarily be paid into the court as a penalty." Fed. R. Civ. P. 11 advisory committee's note to 1993 amends. Courts have noted that other purposes

include compensating the injured party and judicial efficiency.  Kunstler, 914 F.2d at 522.

        i.        **Attorney's Fees**

A court award for attorney's fees is only permitted upon motion by the opposing party and the award should not exceed the expenses and fees directly and unavoidably caused by the violation.  Id. at 523 ("Only attorney time which is in response to that which has been sanctioned should be evaluated.").  A district court determines reasonableness of fees and costs by comparing the alleged amounts against similar rates in the area and the overall costs of litigation in a similar nonfrivolous lawsuit.  Convey Compliance Sys., Inc. v. 1099 Pro, Inc., 443 F.3d 327, 334 (4th Cir. 2006); Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 766-68 (4th Cir. 2003).

The district court must use a "lodestar" analysis to determine reasonable attorney's fees by multiplying a reasonable hourly rate by the number of hours reasonably expended.  Robinson v. Equifax Info. Servs., LLC, 560 F.3d 235, 243 (4th Cir. 2009) (citing Grissom v. Mills Corp., 549 F.3d 313, 320 (4th Cir. 2008)).  The Fourth Circuit has provided twelve guiding factors in the reasonableness analysis:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

Id.; Barber v. Kimbrell's Inc., 577 F.2d 216, 226 n. 28 (4th Cir. 1978).  Finally,

"[t]he injured party has the duty to mitigate costs by not overstaffing, overresearching or overdiscovering clearly meritless claims." Kunstler, 914 F.2d at 523.

A party requesting attorney's fees has the burden to establish the prevailing market rates for the billable hours. Robinson, 560 F.3d at 245 (citing Plyler v. Evatt, 902 F.2d 273, 277 (4th Cir. 1990) ("In addition to the attorney's own affidavits, the fee applicant must produce satisfactory specific evidence of the prevailing market rates in the relevant community for which he seeks an award.")). Sufficient specific evidence to "verify the prevailing market rates are affidavits of other local lawyers who are familiar both with the skills of the fee applicants and more generally with the type of work in the relevant community." Id.

The moving party also has the burden of demonstrating that the hours spent are reasonable. Costar Group, Inc. v. Loopnet, Inc., 106 F. Supp. 2d 780, 788 (D. Md. 2000). Specific and contemporaneous time sheets are preferred, but a detailed summary is acceptable. Id. A summary must have sufficient detail for the court to rule on the reasonableness of the award. Id. ("[T]he records must specify for each attorney, the date, the hours expended, and the nature of the work done.").

### ii.     Minimum to Deter

The primary purpose of a Rule 11 sanction is to deter future abuses by the party and others in a similar situation. Kunstler, 914 F.2d at 522. As such, the district court should impose "the least severe sanction adequate to serve the purposes of Rule 11." Id.

"A district court can and should bear in mind that other purposes of the rule include compensating the victims of the Rule 11 violation, as well as punishing present litigation abuse, streamlining court dockets and facilitating court management." Id. (citations omitted). "Thus, the limit of any sanction award should be that amount reasonably necessary to deter the wrongdoer." Id. at 524.

### iii.     Ability to Pay

Rule 11 sanctions are punitive in nature and as such, the "financial condition of the offender is an appropriate consideration." Id. at 524. If the district court imposes a monetary sanction "without any consideration of ability to pay," this constitutes an abuse of discretion. Salvin v. Am. Nat'l Ins. Co., No. 07-1487, 2008 WL 2369095, at *4 (4th Cir. June 10, 2008) (citing Kunstler, 914 F.2d at 524). However, the burden is on the sanctioned party to argue inability to pay and the court should treat the issue as "reasonably akin to an affirmative defense." Id. "Although the burden is upon the parties being sanctioned to come forward with evidence of their financial status, a monetary sanction imposed without any consideration of ability to pay would constitute abuse of discretion." Kunstler, 914 F.2d at 524. If the party does not raise this defense, an appellate court will only consider whether or not the district court addressed the issue properly with the information available.

### iv.     Severity of the Violation

The court must also consider the severity of the Rule 11 violation. The factors to consider include "the offending party's history, experience and ability, the severity of the violation, the degree to which malice or bad faith contributed to the violation, the risk of chilling the type of litigation involved, and other factors as deemed appropriate."

Brubaker, 943 F.2d at 1388. Many lower courts in the Fourth Circuit have looked at the number of previous filings by a party when examining this factor. See, e.g., Myers v. Am. Servicing Co., 227 F.R.D. 268, 721 (E.D. Va. 2005) ("The plaintiff and her husband are serial filers of frivolous and harassing lawsuits.").

### B. Factors to Consider When Issuing Rule 37 Sanctions

When considering sanctions under Rule 37, a court must weigh four factors: "(1) whether the non-complying party acted in bad faith, (2) the amount of prejudice the noncompliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would have been effective." Belk v. Charlotte-Mecklenburg Bd. of Educ., 269 F.3d 305, 348 (4th Cir. 2001); Anderson v. Found. for Advancement, Educ. & Emp't of Am. Indians, 155 F.3d 500, 504 (4th Cir. 1998); but see S. States Rack & Fixture v. Sherwin Williams Co., 318 F.3d 592, 596 (4th Cir. 2003) (describing an alternative analysis for Rule 37(c)(1) violations). A district court must consider all of these factors; however, no one factor is dispositive. See, e.g., Law Enforcement Alliance of Am., Inc. v. USA Direct, Inc., No. 02-1715, 2003 WL 1154115, at *7 (4th Cir. Mar. 14, 2003). The district court must also examine the reasonableness of attorney's fees for the purposes of a Rule 37 sanction.

Bad faith can be evidenced by repeated and flagrant disregard for the binding orders of a magistrate judge. Plant v. Merrifield Town Center Ltd. P'ship, 711 F. Supp. 2d 576, 587 (E.D. Va. 2010). Many courts have heavily focused on the element of bad faith in the issuance of sanctions. See, e.g., King v. Rollo, No. 09-0015, 2011 WL 901831, at *8-14 (N.D. W.Va. Jan. 28, 2001). However, while bad faith is an important factor, it is not required for sanctions. See Law Enforcement Alliance, 2003 WL

1154115, at *7 ("<u>Anderson</u> does not hold that a district court must find that a party acted in bad faith, it merely holds that in determining what sanctions are appropriate, a district court must consider 'whether' the party acted in bad faith.").

Prejudice occurs when the offended party lacks information to properly adjudicate his or her position. <u>Id.</u> at *15. The amount of prejudice depends on the materiality of the information sought. <u>Id.</u> ("Defendant has suffered a great deal of actual prejudice in that the information requested is at the very heart of the [p]laintiff's case and the defendant's defense.").

The deterrence and lesser sanctions factors are similar and related. While courts list them separately in opinions, both analyses involve a description of the offending party's behavior in the present and past litigation. <u>Id.</u> at *16. Courts view deterrence as especially necessary when a party is "ignoring the direct orders of the court." <u>Id.</u> Courts typically point to past attempts to curb a party's conduct when examining whether a lesser sanction would be appropriate. <u>See id.</u>

## IV.   APPLICATION

Plaintiff has unnecessarily burdened this court and opposing party with frivolous litigation which a reasonable pro se litigant would not have pursued. Claims described by plaintiff in his complaint are utterly lacking in any legal basis and violative of Rule 11(b)(2). Additionally, plaintiff refused to follow the direct orders of the magistrate judge and refused to participate in discovery, both of which are violations of Rule 37.

Defendants' motion is, however, fatally deficient. Defendants' motion does not request sanctions payable to this court, and this court declines to order any such sanctions sua sponte. Instead, defendants request that this court issue attorney's fees to punish

plaintiff for his actions and compensate defendants for the expensive litigation that has ensued. Attorney's fees may be an appropriate deterrent in this case, but defendants' motion lacks specific information required for this court to make factual findings on the reasonableness of the fees defendants' request. Defendants failed to provide affidavits and time summaries detailing the connection between the fee requested and the violations of Rules 11 and 37. Defendants also failed to provide support for the reasonableness of the hourly rate and the amount of time spent litigating this case. This court cannot make a determination on the merits of this award without such support. Defendants also could have provided a list of plaintiff's prior court filings with this and other courts to substantiate this motion. Based on the foregoing, the court declines to award any fees at this time.

## V.   CONCLUSION

For the foregoing reasons, the court **DENIES** defendants' motion for Rule 11 sanctions. This court reserves the right to revisit this issue, and any potential motion for Rule 37 sanctions, should defendants choose to resubmit their motion with adequate information for a factual determination on the reasonableness of attorney's fees.

**AND IT IS SO ORDERED**.

_____
**DAVID C. NORTON**
**CHIEF UNITED STATES DISTRICT JUDGE**

**August 3, 2011**
**Charleston, South Carolina**

11